UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:26-cv-01087-MEMF-DSR                    Date    March 17, 2026

Title    *Alton Smith v. Pamela Bondi et al*

Present:   The Honorable:    Maame Ewusi-Mensah Frimpong

Damon Berry
Deputy Clerk                                    Court Reporter / Recorder

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART PETITIONER'S EX
PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 4]**

The Court is in receipt of the Petitioner Alton Smith's Ex Parte Application for Temporary
Restraining Order, Dkt. No. 4 ("Application"). On March 12, 2026, the Court ORDERED Respondents
to file a response to the Application by March 16, 2026. Dkt. No. 5. The Respondents did not file a
response. On Marh 16, 2026, Smith filed a Motion to Deem Respondents' Opposition Waived and
Decide the Application as unopposed. Dkt. No. 7. On March 17, 2026, Smith filed a supplemental
motion seeking immediate release and stating that Smith requires "surgery to restore proper blood flow
to his heart" and fears that the detention facility cannot provide adequate care. Dkt. No. 8 at 1-2.

Pursuant to Local Rule 7-12: "The Court may decline to consider any memorandum or other
document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12. "The failure to
file any required document, or the failure to file it within the deadline, may be deemed *consent to the
granting or denial* of the motion." *Id.* (emphasis added).

The Court finds that Respondents' failure to file a response constitutes Respondents' concession
to Smith's request for a temporary restraining order under Local Rule 7-12. Based on the Court's review
of the record, it appears that Smith is likely to succeed in showing that the Immigration Judge's bond
determination constitutes an abuse of discretion as the Immigration Judge failed to explain the reasons
for denying Smith's bond and the record does not establish that the Immigration Judge relied on
the appropriate factors. *See* Dkt. No. 4-6 (bond determination hearing transcript); *Miri v. Bondi et al.*,
No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *8-*9 (C.D. Cal. Mar. 5, 2026) (finding an
abuse of discretion where the immigration judge "did not provide the basis for the bond determination
aside from the conclusory statements about 'red flags' and 'factors working against'" petitioner). The
Immigration Judge denied bond "due to flight risk," basing its decision on Smith's "negative law-
enforcement encounters" and "immigration fraud." Dkt. No. 4-6 at 6. However, the negative law
enforcement encounters were raised for the Immigration Judge's danger consideration, which the
Immigration Judge explicitly held Smith denied bond on the basis of danger. *Id.* at 4, 6. And the
immigration fraud related to Smith's visa application waiver. *Id.* at 4-6. Thus, the Immigration Judge
failed to provide the basis for characterizing Smith as a flight risk.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | 5:26-cv-01087-MEMF-DSR | | Date | March 17, 2026 |
| Title | *Alton Smith v. Pamela Bondi et al* | | | |

Accordingly, the Court, having reviewed the record and finding good cause under the applicable temporary restraining order standards, hereby GRANTS Petitioner's Application. Petitioner's request for a temporary restraining order is GRANTED. The Court therefore ORDERS:

1. The Court finds that the Immigration Judge abused its discretion in denying Smith's request for bond at the bond determination hearing.

2. Respondents are ORDERED to release Petitioner from custody (and return to him his personal belongings) within forty-eight (48) hours,[1] and they may not redetain him without compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. § 241.13(i), and 8 U.S.C. § 1231.

3. Respondents are enjoined from relocating Petitioner outside of the Central District of California pending final resolution of this matter.

4. Respondents shall not impose any release restrictions on Petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing.[2]

5. The parties shall meet and confer and file a joint status report regarding the Respondents' compliance with this Order by Thursday, March 19, 2026.

**IT IS SO ORDERED.**

                                                                              :

                                        Initials of Deputy Clerk

---

[1] This Court understands, based on Respondents' representations from hearings in similar immigration habeas cases, that Respondents believe that forty-eight hours is a reasonable amount of time to effectuate release.

[2] Restraints not shared by members of the public renders an individual in custody within the meaning of 28 U.S.C. § 2241. *See Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California*, 411 U.S. 345, 351 (1973) (holding that a person is in custody if the person "is subject to restraints 'not shared by the public generally'" and the person's "freedom of movement rests in the hands of state judicial officers"); *Jones v. Cunningham*, 371 U.S. 236, 238-39 (1963) (finding that the "chief use of habeas corpus has been to seek the release of persons held in actual, physical custody in prison or jail. Yet English courts have long recognized the writ as a proper remedy even though the restraint is something less than close physical confinement"). As such, prospective release restrictions, such as electronic monitoring constitute liberty constraints which do not afford petitioners complete relief.